**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA

v().

BRIAN JOHN MCREE, SR.

Case No. 6:14-cr-156-ACC-RMN

**ORDER**

This cause is before the Court without oral argument on the Motion (Dkt. 88) filed by Defendant Brian John McRee, Jr. on June 20, 2023. Defendant seeks reconsideration of the Court's April 26, 2023 Order (Dkt. 87) denying a motion to compel counsel to surrender counsel's case file (Dkt. 85). Defendant also asks the Court to for authorization to file an appeal of the denial as well as an extension of the deadline to appeal. The motion has been referred to the undersigned for adjudication.

**I. Defendant's request for reconsideration is not well-founded.**

A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D. Fla. 1993). Such a motion should raise new issues, not merely readdress issues previously litigated. *Fla. Coll. Of Osteopathic Med. v. Dean Witter Reynolds*, 12 F. Supp. 2d 1306, 1308 (M.D.

Fla. 1998). Courts recognize three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Id*. (citing Major *v. Benton*, 647 F.2d 110, 112 (10th Cir. 1981)).

Defendant argues that the Court's decision denying his motion to compel discovery was wrongly decided because he is entitled to a copy of his counsel's file, which the Court construes as seeking reconsideration based on clear error or manifest injustice. Dkt. 88 at 1. In its Order, the Court recounted Defendant's case, including his indictment, guilty plea, sentencing, appeal, and collateral motions under 18 U.S.C. § 2255. Dkt. 87 at 1–2. The Court noted that the request for counsel's file is a post-conviction discovery motion and that such motions are not authorized after the conclusion of a criminal case. *Id.* at 2–3 (citing *United States v. Felix*, 298 F. App'x 905, 906 (11th Cir. 2008)).

There is no need here to correct clear error or a manifest injustice. The Order found the reasoning from *United States v. Felix*, 298 F. App'x 905 (11th Cir. 2008), to be persuasive. Dkt. 87 at 2–3. In that decision, an appellate panel affirmed the denial of a defendant's discovery motion, which was filed after he was convicted, sentenced, and his first section 2255 motion denied. 298 F. App'x at 906. In support of its ruling, the *Felix* panel stated that the district court lacked jurisdiction to provide relief under Federal Rule of Criminal Procedure 16, because nothing in that rule authorized discovery after a

criminal case concluded, and to the extent that the motion sought relief from his convictions and sentences, it was due to be denied because this Court had not authorized a successive section 2255 motion. *Id*. Though *Felix* is an unpublished decision, and therefore not binding, its legal reasoning is persuasive. *See Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007); *see also* 11th Cir. R. 32.1.

Further research confirms this conclusion. In 2020, the Eleventh Circuit held that a prisoner is not entitled to file a motion for discovery before filing a section 2255 motion to vacate. *United States v. Cuya*, 964 F.3d 969, 972 (11th Cir. 2020). In so holding, the court relied on long-standing circuit precedent. *Id*. (citing *Brown v. United States*, 438 F.2d 1385 (5th Cir. 1971), *Skinner v. United States*, 434 F.2d 1036 (5th Cir. 1970), and *Walker v. United States*, 424 F.2d 278, 279 (5th Cir. 1970)). The court explained that this precedent makes sense because a section 2255 motion begins a separate civil case and discovery does not begin in civil cases until a plaintiff has filed a well-pleaded complaint. *Id*. The court also observed that discovery in habeas actions is limited compared to other civil cases, noting that the rules governing such cases do not permit discovery unless a party shows good cause. *Id*. at 973–74. Based on this, the Eleventh Circuit concluded that a bar on prelitigation discovery in this context is warranted and not burdensome. *Id*. at 974.

Thus, Defendant's request for reconsideration is not well-founded.

## II. Defendant's request to extend the deadline to file a notice of appeal is not well-taken.

Defendant also seeks an extension of the deadline by which he must file a notice of appeal. Dkt. 88 at 1. Federal Rule of Appellate Procedure 4(b) provides that a defendant in a criminal case must file a notice of appeal within fourteen days of the entry of the order being appealed. Fed. R. App. P. 4(b)(1)(A)(ii). That rule also permits the district court to extend the deadline "for a period not to exceed 30 days" if it finds "excusable neglect or good cause." Fed. R. App. P. 4(b)(4). Here, even if Defendant could establish excusable neglect or good cause, the Court could not extend the deadline to file a notice of appeal beyond May 26, 2023. Defendant's request is therefore not well-founded.

Accordingly, it is **ORDERED** that Defendant Brian John McRee, Jr.'s Motion for Reconsideration and for an Extension to File a Notice of Appeal (Dkt. 88) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida, on June 23, 2023.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

- 5 -

Copies furnished to:

Pretrial Services Office
United States Marshals Service
Assistant U.S. Attorney
Counsel for Defendant
Defendant